# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN GALASSO,**

       **Plaintiff,**

**v.**                                             **Case No: 6:16-cv-2035-Orl-41KRS**

**SASCOSPORTS, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 32)**
>
> **FILED:**       **July 24, 2017**

## I. BACKGROUND.

On November 21, 2016, Plaintiff, Brian Galasso, filed a complaint against Sascosports, Inc. Doc. No. 1. Galasso alleges that he was employed by Sascosports, which was in the business of restoring vintage sports cars. *Id.* ¶ 4, 5. Galasso further alleges that he routinely worked an average of 65 to 70 hours per week, but he was compensated only for some, not all, of his overtime hours. *Id.* ¶ 8. He asserts a single count alleging that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. *Id.* ¶¶ 15-16. Galasso contends that he is entitled to unpaid overtime compensation as well as liquidated damages. *Id.*

On May 22, 2017, the parties filed a notice that they had settled Galasso's claim. Doc. No. 25. I ordered the parties to file a motion for settlement approval under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1360 (11th Cir. 1982). Doc. No. 26. The parties filed that motion (Doc. No. 27), which I denied without prejudice after identifying five reasons why the parties' agreement could not be approved as a fair and reasonable resolution of a bona fide dispute under *Lynn's Food*: (1) the parties had not filed a fully-executed copy of the settlement agreement; (2) the agreement contained an impermissible modification provision; (3) there was no basis for the Court to determine the reasonableness of the attorneys' fees that Plaintiff's counsel would receive; (4) the agreement included an impermissibly broad general release; and (5) the agreement included an impermissible no-reemployment provision. Doc. No. 28, at 3-4.

The parties subsequently filed a renewed motion for approval of an Amended Settlement Agreement. The motion has been referred to me and it is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III. DISCUSSION.

### *A. Whether the Amended Settlement Agreement is a Compromise.*

The Amended Settlement Agreement, which is signed but not dated, provides that in exchange for Galasso voluntarily dismissing his FLSA claim with prejudice, Defendant will issue a check in the amount of $2,758.50 made payable to Galasso and a check in the amount of $4,241.50 made payable to Galasso's attorneys. Doc. No. 33-1, at 2-3.

In his answers to the Court's FLSA Interrogatories, Galasso estimated that—from September 1, 2015 to April 1, 2016—he regularly worked 40 hours per week, plus an additional 20 to 30 hours of overtime per week. Doc. No. 19, at 2. He estimated that he was owed $6,433.11 in unpaid overtime during that period and an equal amount in liquidated damages. *Id.* at 5. Because Galasso will receive only $2,758.50 under the Amended Settlement Agreement, I recommend that the Court find that he has compromised his claim within the meaning of *Lynn's Food*.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

*B.     Whether the Settlement is Reasonable.*

Because Galasso has compromised his FLSA claim, the Court must evaluate whether the settlement is reasonable. Counsel indicate that there are disputed issues in this case. Defendant's time records show that Galasso worked fewer unpaid overtime hours than he alleges. Based on these time records and Galasso's varying rates of pay, if Galasso was entitled to any additional overtime compensation, the amount of that additional overtime compensation would have been $1,379.25.[2]  Doc. No. 32, at 2.

The parties represent that they participated in settlement discussions and that both parties were represented by competent counsel in an arms-length negotiations. *Id.* at 1-2. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti*, 715 F. Supp. 2d at 1227. Under these circumstances, I recommend that the Court find that the Amended Settlement Agreement is a reasonable compromise of a bona fide dispute under the FLSA unless the amount of attorney's fees to be paid undermine the reasonableness of the settlement.

*C. Attorneys' Fees and Costs.*

Because Galasso has compromised his FLSA claim, the Court must consider the reasonableness of the payment to his attorneys to ensure that the attorneys' fees and costs to be paid did not improperly influence the amount that Galasso agreed to accept. *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

---

[2] If this figure is accepted, then Galasso would receive full overtime compensation and liquidated damages under the Amended Settlement Agreement.

- 4 -

employee recovers under a settlement agreement."). Galasso's counsel will receive $4,241.50 of the total $7,000.00 settlement amount. Doc. No. 32-1, at 2-3.

In his answers to the Court's interrogatories, Galasso averred that his attorney was being compensated at the rate of $350.00 per hour and that, as of the date the interrogatories were signed, counsel had worked 6.5 hours for a total attorney's fee of $2,275.00. Galasso also averred that costs in the amount of $475.00 had been incurred. Doc. No. 19, at 2. In the Amended Settlement Agreement, the parties further state that Galasso's counsel incurred a total of $4,754.50 in attorneys' fees (now at a rate of $375.00 per hour) and paralegal time (at an undisclosed hourly rate) and $475.00 in taxable costs, for a total of $5,229.50. They represent that these fees and costs were reduced to $4,241.50 in order to facilitate settlement. Doc. No. 32-1, at 3 n.1. If the Court finds that this disclosure is sufficient without review of detailed time sheets and evidence to support the hourly rate for attorney and paralegal time, it may find that the attorneys' fees paid did not undermine the reasonableness of the settlement.

*D.     Whether Other Provisions Render the Amended Settlement Agreement Unfair.*

Additionally, counsel for the parties have not resolved all of the concerns expressed in my earlier order. Therefore, the Court may find that these concerns undermine the fairness of the Amended Settlement Agreement.

First, Paragraph 13 of the Amended Settlement Agreement contemplates that the agreement may be modified in writing by the parties. Doc. No. 33-1, at 8. I informed the parties in my prior Order that the Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment, lest the parties attempt to circumvent the requirements of *Lynn's Food* following approval of the settlement. Doc. No. 28, at 3.

Second, the Amended Settlement Agreement also does not confine the release of claims to wage claims. Instead, it releases Defendant and a myriad other individuals and entities from *all claims*. Doc. No. 33-1, at 5 ¶ 7(c). It appears that the parties attempted to address my previous concerns about the broad general release by amending Paragraph 7.a. to state that the Amended Settlement Agreement "shall constitute a waiver and release of any and all claims Galasso might have . . . that relate to any allegation of unpaid or improperly paid wages." Doc. No. 32-1, at 5. While this provision is narrowly tailored to Galasso's wage claims, it is undermined by a much broader release at the end of the agreement, which provides in relevant part:

> HAVING ELECTED TO EXECUTE THIS AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH "2" ABOVE, GALASSO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE *ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST SASCOSPORTS*, ITS PARENTS, PREDECESSORS, SUCCESSORS, INDEPENDENT CONTRACTORS, SUBSIDIARIES, AFFILIATES, AND ITS DIRECTORS, OFFICERS, SHAREHOLDERS, MEMBERS, EMPLOYEES — INCLUDING, BUT NOT LIMITED TO, AGENTS, INSURERS AND/OR ATTORNEYS, ARISING PRIOR TO THE EXECUTION OF THIS AGREEMENT.

Doc. No. 27-1, at 9. Paragraph 7.b. of the section entitled "Release of Claims" also requires Galasso to withdraw or dismiss any proceedings he has commenced with the Equal Employment Opportunity Commission, the Florida Commission on Human Relations or any other local, state or federal agency. *Id.* at 5.[3] The Amended Settlement Agreement also provides that nothing in the agreement shall prohibit Galasso from filing a charge or complaint with the EEOC, the FCHR, or

---

[3] Paragraph 8, entitled "No Claims Exist," states: "Galasso confirms that except for the case referenced above, no other claim, charge, complaint, or action exists in any forum or form. *Id.* at 6.

the National Labor Relations Board, but if he does so, by virtue of the agreement, he waives his right to receive individual relief based on such claims, except where such waiver is prohibited. *Id.* at 6-7.

Some judges have expressed concerns about including general releases in FLSA settlement agreements due to the difficulty of valuing unknown claims and the Court's resulting inability to evaluate the fairness of the settlement. *See, e.g., Shearer v. Estep Constr., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015) (declining to make fairness finding in case alleging claims for unpaid overtime compensation under the FLSA and unjust enrichment under state common law where settlement agreement included mutual general releases). However, at least one judge has found that releases of claims not arising under the FLSA are not subject to judicial scrutiny. *See, e.g., Rosado v. Melao Bakery LLC*, No. 6:16-cv-1060-Orl-41KRS, Doc. No. 26 (M.D. Fla. June 19, 2017). Because there is no controlling law in this regard, I recommend that the Court determine whether the various terms addressing the scope of the release in this case undermine the fairness of the Amended Settlement Agreement.

Paragraph 10 of the Amended Settlement Agreement includes a severability provision, which states: "Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect." *Id.* at 7. While this provision would permit the Court to strike the modification provision in the Amended Settlement Agreement, it would not permit the Court to strike the release.

**IV. RECOMMENDATIONS.**

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **STRIKE** the language allowing subsequent written modification of the Settlement Agreement from Paragraph 13 of the Amended Settlement Agreement.

If the Court finds that the Amended Settlement Agreement, with Paragraph 13 stricken, is a fair and reasonable resolution of a bona fide dispute under the FLSA, then I **RECOMMEND** that the Court do the following:

1. **FIND** that the settlement of the FLSA claim, as modified, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Renewed Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. No. 32), without reserving jurisdiction to enforce it;

3. **DISMISS** the case with prejudice; and,

4. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that any of the provisions of the Amended Settlement Agreement render the agreement unfair under *Lynn's Food*, I **RESPECTFULLY RECOMMEND** that the Court **DENY** the Renewed Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. No. 32).

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 9, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy